32 N.J. Super. 147 (1954)
108 A.2d 34
JOHN CLAUSS, PLAINTIFF,
v.
NICK W. POSTMA, BUILDING INSPECTOR AND FRANK PERUGGI, ENGINEER, FAIR LAWN, NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided August 27, 1954.
Mr. John J. Deeney, attorney for plaintiff.
Mr. Arthur Minuskin, Assistant Borough Attorney, attorney for defendants.
*148 CONLON, J.C.C. (temporarily assigned).
The defendants refused to issue a permit for the erection of a dwelling, and the plaintiff moves for a summary judgment. The matter is presented on an agreed state of facts from which the following appears: The Plaintiff is the owner of a tract of land in the Borough of Fair Lawn and on February 15, 1918 filed in the Bergen County Clerk's Office a map thereof entitled "Paterson Park East." The map subdivided the tract into lots each 20 feet wide and 100 feet deep. On June 15, 1954 the plaintiff applied for a permit to construct a one-family dwelling on lots Nos. 62, 63, 64 and 65, which lots have an aggregate width of 80 feet and a depth of 100 feet. (Said lots are also shown on the tax assessment map of the Borough of Fair Lawn as Nos. 84, 85, 86 and 87 in Block 2505). The plaintiff's application was denied on the ground that the assemblage of the aforesaid lots is a resubdivision of the premises in question which requires the approval of the Planning Board of Fair Lawn as a prerequisite to the granting of a building permit. N.J.S.A. 40:55-1.1 et seq. It is not contended that the contemplated building is in violation of the zoning ordinance.
The statute in question provides for the approval by the planning board of subdivisions and further provides that a "Subdivision also includes resubdivision, and where appropriate to the context, relates to the process of subdividing or to the lands or territory divided." The sole question presented is whether under the ordinance of the Borough of Fair Lawn (in which the definition of a subdivision is in the exact wording of the statute) the plaintiff is "resubdividing" the tract in question by abandoning his previously adopted frontage of 20 feet and adopting a frontage of 80 feet for a single lot. The conclusion is that plaintiff's action did in fact comprise a resubdivision which renders it incumbent upon him to obtain the approval of the planning board as a prerequisite to his being entitled to a building permit.
A subdivision is defined in the statute as follows:
"`Subdivision' means the division of a lot, tract, or parcel of land into two or more lots, sites or other divisions of land for the purpose, *149 whether immediate or future, of sale or building development * * *. Subdivision also includes resubdivision."
Under the circumstances here presented it must be held that plaintiff abandoned the subdivision he made of the tract in question in accordance with the map filed in 1918 and in altering the street frontage of his lots is making a resubdivision. Hence his action is amenable to the jurisdiction of the planning board.
The motion of the plaintiff for summary judgment is denied.